UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 3:24-CR-14-KAC-DCP |
| SHAUN SULLIVAN, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of Defendant Shaun Sullivan's competency. *See* 28 U.S.C. § 636(b). The parties appeared for a competency hearing on September 4, 2024. Assistant United States Attorney Caroline Poore appeared on behalf of the Government. Assistant Federal Defender Nicholas Wallace represented Defendant Sullivan, who was also present. In early May 2024, defense counsel moved the Court for a competency determination [Doc. 18, SEALED]. On May 9, 2024, the undersigned committed Defendant for a mental evaluation of his competency to stand trial and sanity at the time of the offense[1] [Doc. 26]. Defendant arrived at the Federal Detention Center in Englewood, Colorado ("FDC Englewood"), for his forty-five-day evaluation on June 17, 2024 [Doc. 29].[2] Defendant's evaluation was completed on July 31, 2024, and the Court received the forensic report on August 15, 2024 [*See* Doc. 30, SEALED].[3] Defendant is now before the Court for his competency hearing.

---

[1] Also on May 9, 2024, Defendant filed a notice of intent to pursue an insanity defense at trial [Doc. 23].

[2] The Court was notified of Defendant's designation to FDC Englewood on May 23, 2024 [Doc. 27], and entered a Transport Order [Doc. 28] on the following day.

[3] The Court also received the sanity report, which is docketed as an attachment to the forensic report [Doc. 30-1, SEALED].

Counsel for both parties confirmed they received a copy of the Forensic Evaluation report by Dr. Rebecca Johnson, clinical psychologist at FDC Englewood [Doc. 30, SEALED]. In the report, Dr. Johnson opines that Defendant does not suffer from a mental disease or defect affecting competency, has an adequate understanding of the nature and consequences of the proceedings in his case, and has an adequate ability to assist counsel with his defense. Neither party presented any other evidence relating to Defendant's competency. Dr. Johnson diagnosed Defendant as having a personality disorder, which does not impair his present competency to stand trial, but she observed that Defendant requires more time to learn new information and may have difficulty with written material. Thus, Dr. Johnson suggested the following accommodations: (1) reading written material aloud to Defendant, (2) reviewing new legal concepts with him verbally, (3) giving him additional time to process new information before making decisions based on newly provided information, and (4) providing regular breaks at times when Defendant is required to sit still for long periods.

Based upon the Forensic Evaluation report, the Court finds by a preponderance of the evidence that Defendant Sullivan can understand the nature and consequences of the proceedings against him and is able to assist properly in his defense. *See* 18 U.S.C. § 4241(e). Accordingly, the Court finds that Defendant Sullivan is competent to proceed. The Court has reviewed the accommodations suggested by Dr. Johnson and finds them to be reasonable. Defense counsel is directed to consider and implement the outlined accommodations when and where appropriate.

After making the competency determination, the Court addressed the trial date and schedule in this case. The Court previously removed Defendant's August 20, 2024 trial date from the Court's calendar when it ordered a competency evaluation [Doc. 26 p. 5]. At that time, the undersigned found the time during which Defendant was undergoing a competency evaluation

along with a reasonable time of up to ten days for transportation[4] to and from the evaluation was excludable under the Speedy Trial Act [*Id*.]. *See* 18 U.S.C. § 3161(h)(1)(A), -(F). The Court also found that to require Defendant to proceed with trial preparations while his competency is in question would constitute a miscarriage of justice [*Id*. at 5–6]. *See* 18 U.S.C. § (h)(7)(B)(i). For these reasons, the Court found and continues to find that all the time between the filing of the motion for a competency evaluation on May 1, 2024, *see* 18 U.S.C. § 3161(h)(1)(D), and the competency hearing on September 4, 2024, is fully excludable under the Speedy Trial Act.

At the competency hearing, the Court offered the parties a new trial date of September 17, 2024, which is a date within the remaining speedy trial time. Mr. Wallace requested a continuance beyond this date to meet with Defendant and to prepare the case for trial. He noted that the recommended accommodations would require him to take additional time to review concepts and legal matters rendering the short time until the proposed trial date insufficient to prepare. AUSA Poore had no objection to extending the trial date for these reasons. The parties agreed on a new trial date of January 14, 2025.

The Court finds Defendant's request for a trial continuance is well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public

---

[4] More than ten days elapsed between the entry of the Transportation Order [Doc. 28] on May 24, 2024, and Defendant's arrival at FDC Englewood for his mental evaluation on June 17, 2024 [*See* Doc. 29]. Such additional transportation time is generally not excludable absent the Government's rebutting the presumption of unreasonableness. *See United States v. Brown*, 100 F.4th 703, 707 (6th Cir. 2024). Here, Defendant did not challenge the time required for transportation at the competency hearing. Nor is the Court permitted to make findings in support of an ends-of-justice continuance in hindsight. *See id*. at 712. The Court, however, notes that prior to entry of the Commitment Order, defense counsel questioned Defendant's ability to assist with his defense based upon his review of Defendant's mental health records and his interactions with Defendant [Doc. 28, SEALED, p. 2]. Accordingly, the Court found in its Commitment Order that to require Defendant to proceed with trial preparations while awaiting a competency evaluation would be a miscarriage of justice [Doc. 26 pp. 5–6]. Based upon this previous finding, the Court does not address whether the Government can rebut the presumption of unreasonableness as to the additional thirteen days of transport time.

in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Now that the Court has found Defendant competent to proceed, defense counsel needs time to confer with Defendant, to assess the need for pretrial motions, and to prepare the case for trial. In this case, Defendant requires reasonable accommodations to allow him to process information and participate in his defense. Accordingly, a continuance is warranted to give counsel for Defendant the reasonable time necessary to prepare for trial, even proceeding with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, due to Defendant's need for the outlined accommodations, the Court also finds that the failure to grant a continuance in this case is likely to result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

Defendant's oral motion to continue the trial is **GRANTED**, and the trial is reset to **January 14, 2025**. All time between the competency hearing on September 4, 2024, and the new trial date of January 14, 2025, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court set a new schedule in this case, which is stated below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Sullivan is **COMPETENT** to proceed to trial;

(2) Defense counsel is **DIRECTED** to consider and implement, if appropriate, the accommodations suggested by Dr. Johnson and set out above;

(3) The trial of this matter is set to commence on **January 14, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) All time between the **May 1, 2024** motion for a mental evaluation and the **September 4, 2024** competency determination and between that date and the new trial date of **January 14, 2025**, is fully excludable time under the Speedy Trial Act for the reasons in the undersigned's prior Commitment Order [Doc. 26 pp. 5–6] and set forth herein;

(5) The deadline for filing pretrial motions is reset to **October 4, 2024**. The Government shall respond to any pretrial motions on or before **October 18, 2024**;

(6) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **December 13, 2024**;

(7) The deadline for motions *in limine* is extended to **December 30, 2024;**

(8) The parties are to appear before the undersigned for a final pretrial conference on **January 3, 2025, at 11:00 a.m.**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 3, 2025.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge