UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-14-KAC-DCP |
| | ) | |
| SHAUN T. SULLIVAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shaun T. Sullivan's Unopposed Motion to Continue Trial and Associated Deadlines [Doc. 36], filed on December 9, 2024.

Defendant requests that the Court continue the trial date and associated deadlines [Doc. 36]. In support of his motion, Defendant states that since being appointed on November 5, 2024, his counsel has worked diligently investigating the matter but requires additional time [*Id.* ¶¶ 2, 4]. He states that the case requires reviewing a large number of records and potentially securing expert assistance [*Id.* ¶ 4]. Defendant represents that the Government does not oppose continuing the trial [*Id.* ¶ 5]. Finally, Defendant understands that the time of this continuance is excluded from the speedy trial computation [*Id.* ¶ 7].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to review records, investigate the matter, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Shaun T. Sullivan's Unopposed Motion to Continue Trial and Associated Deadlines [**Doc. 36**]. The trial of this case is reset to **June 24, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 9, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Shaun T. Sullivan's Unopposed Motion to Continue Trial and Associated Deadlines [**Doc. 36**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 24, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 9, 2024**, and the new trial date of **June 24, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 27, 2025**;

(5) the deadline for filing motions *in limine* is **June 9, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 10, 2025, at 2:30 p.m.**; and

2

Case 3:24-cr-00014-KAC-DCP   Document 37   Filed 12/10/24   Page 2 of 3   PageID #: 104

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 13, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge